IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALONTE D. FOARD,<br><br>Plaintiff,<br><br>vs.<br><br>TODD BAHENSKY, Director; D. WINKLER, Correction Officer; HOBBS, Correction Officer; and BEAVERNESS, Correction Officer;<br><br>Defendants. | 8:23CV217<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On June 9, 2023, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $7.82 by July 10, 2023 (the "IFP Order"). *See* Filing No. 9. On June 29, 2023, the Court ordered Plaintiff to update his address by July 31, 2023, Filing No. 11, following receipt of a notice that the IFP Order sent to Plaintiff had been returned as undeliverable and not resent, Filing No. 10.

On July 5, 2023, Plaintiff responded to the Order, indicating he was now in the custody of the Bureau of Prisons at U.S.P. Leavenworth. Filing No. 12. Due to Plaintiff's institutional transfer and change of address, the Court issued another order on July 28, 2023, further extending the deadline for Plaintiff to submit the initial partial filing fee to August 28, 2023, and instructing the Clerk of Court to resend the IFP Order to Plaintiff and to the appropriate official at his current institution. Filing No. 15.

To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court will be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 16, 2023**: check for response to show cause order.

Dated this 14th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court